HIGGINBOTHAM, J.
*226 In this appeal, a property owner challenges the trial judgment that upheld a portion of a lien on his property in favor of a licensed contractor pursuant to La. R.S. 9:4801, and that dismissed his reconventional demand for damages and attorney's fees pursuant to La. R.S. 9:4855.
BACKGROUND
Defendant-appellant, Brennan Voclain, is the owner of the property described as 504 Dax's Place in Thibodaux, Louisiana. Plaintiff-appellee, Chris Schouest, D/B/A Schouest Homebuilders (Mr. Schouest) is a licensed contractor. Mr. Schouest and Mr. Voclain entered into an oral contract for the construction of a home on Mr. Voclain's property for a total construction cost of $177,475.46. On June 20, 2015, Mr. Schouest signed a written contract prepared by Ann Storm, Mr. Voclain's agent and mother, outlining the terms of the agreement, but the written contract was never signed by Mr. Voclain. Under the terms of the written contract, Mr. Schouest was to be paid 10% of the total construction cost estimated to be approximately $17,747.55 for his work.
During construction of the home, Mr. Schouest was paid on four separate occasions an average of $3,200.00, for a total payment of $12,800.00. Mr. Schouest received his last payment on September 25, 2015. After becoming unsatisfied with Mr. Schouest's attention to the construction project, on October 30, 2015, through an email, Mr. Voclain terminated his contract with Mr. Schouest. At this time, the house was not complete but nearing completion.
On November 30, 2015, Mr. Schouest sent a Notice of Nonpayment and Statement of Lien Rights to Mr. Voclain, along with an invoice that requested payment in the amount of $6,200.00. The notice was received by Mr. Voclain on December 7, 2015. Mr. Voclain did not remit any payments to Mr. Schouest after he received the notice.
Mr. Schouest then filed a Statement of Lien and Privilege in Lafourche Parish on January 8, 2016, and a Petition for Recognition of Lien and Money Damages in the 32nd Judicial District Court on January 15, 2016. Mr. Voclain answered Mr. Schouest's petition and filed a reconventional demand contending that Mr. Schouest's lien failed to comply with La. R.S. 9:4801[1] and that the statements in the lien were falsified in violation of La. R.S. 9:4855,[2] entitling him to damages and attorney fees.
*227 A trial was held on October 19, 2016. After trial, the trial court in detailed written reasons, found based on the testimony and evidence, that Mr. Schouest was a contractor for the construction of Mr. Voclain's house for the purposes of La. R.S. 9:4801, and the lien placed on Mr. Voclain's property was proper and should be recognized as bearing against Mr. Voclain's property. The trial court pointed out that Mr. Schouest's lien for $6,200.00 included a $1,300.00 balance owed to painters which was paid by Mr. Voclain, and a $1,700.00 charge for a final walk through which was never conducted due to Mr. Schouest's termination prior to the house's completion. Therefore, the trial court reduced the amount owed to Mr. Schouest to $3,200.00. The trial court also concluded that Mr. Voclain's reconventional demand should be denied.
On January 26, 2017, a judgment in conformity with the trial court's written reasons was signed in favor of Mr. Schouest, and against Mr. Voclain, in the sum of $3,200.00 as well as $300.00 for the cost of filing the lien and interest. The judgment also recognized the lien filed by Mr. Schouest on January 8, 2016, encumbering Mr. Voclain's property located at 504 Dax's Place, and dismissed Mr. Voclain's reconventional demand with prejudice.
It is from this judgment that Mr. Voclain appeals, assigning error to the validity of the lien, rather than Mr. Schouest's underlying claim for money owed. Specifically, Mr. Voclain claims that the trial court erred in: (1) concluding that the oral contract to recommend and supervise subcontractors, and not pay for materials or subcontractors, created a lien right pursuant to La. R.S. 9:4801 ; and (2) failing to find that Mr. Schouest willfully, knowingly, and unlawfully falsified the lien affidavit entitling him to an award of damages and attorney's fees pursuant to La. R.S. 9:4855.
DISCUSSION
In his first assignment of error, Mr. Voclain contends that the oral agreement entered into by him and Mr. Schouest, in which Mr. Schouest was to recommend and supervise subcontracts for the construction of 504 Dax Place, but not pay for materials or subcontractors, did not create a right to a lien on his property pursuant to La. R.S. 9:4801.
Louisiana Revised Statute 9:4801 creates a privilege, or lien right, on an immovable for "Contractors, for the price of their work." The definition of the term "contractor" is found in La. R.S. 37:2150.1, which provides in pertinent part:
(4)(a) "Contractor" means any person who undertakes to, attempts to, or submits a price or bid or offers to construct, supervise, superintend, oversee, direct, or in any manner assume charge of the construction, alteration, repair, improvement, movement, demolition, putting up, tearing down, or furnishing labor, or furnishing labor together with material or equipment, or installing the same for any building, ... housing, or housing development, improvement ... (b) The term "contractor" includes general contractors, subcontractors, architects, and engineers who receive an additional fee for the employment or direction of labor, or any other work beyond the normal architectural or engineering services.
(Emphasis added.)
Mr. Voclain, testified that he and Ms. Storm "hired Mr. Schouest to be a *228 supervisor for this job." Ms. Storm testified that "[Mr. Schouest] was used as a supervisor, on the job, providing names, sources of [subcontractors], and to ultimately supervise the entire job." This testimony, when viewed in light of the definition of a contractor in La. R.S. 37:2150.1, establishes that Mr. Schouest was a contractor for the construction of Mr. Voclain's home, and he is entitled to the privilege recognized in La. R.S. 9:4801.
Additionally, this court has recognized that an oral contract, as opposed to a written contract, can create the privilege or lien right. See Burdette v. Drushell, 2001-2494 (La. App. 1st Cir. 12/20/02), 837 So.2d 54, 69, writ denied, 2003-0682 (La. 5/16/03), 843 So.2d 1132. Under these circumstances, Louisiana Revised Statutes 9:4801 and 37:2150.1 do not require the agreement to be in a specific form. "Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent." La. Civ. Code art. 1927. Louisiana Revised Statute 9:4801 does not stipulate a specific type of agreement between owner and the listed person(s). The definition of "contractor" in La. R.S. 37:2150.1 includes with emphasis added "any person who undertakes to, attempts to, or submits a price or bid or offers to" supervise the construction for any building or housing. Mr. Schouest offered to undertake the role of supervisor for the construction of Mr. Voclain's home. Mr. Schouest made a formal offer by signing the contract presented to him by Ms. Storm. Mr. Voclain implicitly accepted the offer by allowing Mr. Schouest to work as supervisor and paying Mr. Schouest a total of $12,800.00 prior to the termination of the contract. Mr. Voclain's actions and inactions are clearly indicative of consent to the contract. Thus, the parties had a contract, and Mr. Schouest, who was hired as a contractor to supervise the construction, was entitled to the privilege described in La. R.S. 9:4801.
In his second assignment of error, Mr. Voclain contends that the trial court erred in failing to find the verified lien signed by Mr. Schouest was willfully, knowingly, and unlawfully falsified, entitling him to attorney fees under La. R.S. 9:4855. Specifically, Mr. Voclain contends that in the lien, Mr. Schouest swore that there was a written contract, and that he paid for labor and materials in the construction of 504 Dax's Place, and then at trial, admitted he had not paid for labor and materials.
Upon examination of the sworn lien affidavit, Mr. Schouest did not state under oath that a written contract existed. Further, the lien affidavit says that Mr. Voclain is "indebted unto affiant for labor and/or materials supplied by affiant in the construction." (Emphasis added.) Mr. Schouest testified that he was referring to his own labor as supervisor when signing this sworn statement. No evidence was presented to prove that Mr. Schouest's assertion is untrue.
We find no error in the trial court's conclusion that Mr. Schouest did not willfully, knowingly, and unlawfully falsify any statements when filing his lien. Thus, Mr. Voclain's request for damages and attorney's fees pursuant to La. R.S. 9:4855 was properly denied.
CONCLUSION
After a careful review of the record and for the stated reasons, we affirm the trial court's judgment in favor of Chris Schouest d/b/a Schouest Homebuilders and against Brennan Voclain. We also affirm the dismissal of the reconventional demand.
*229 All costs of this appeal are assessed to plaintiff-appellant, Brennan Voclain.
AFFIRMED.
Holdridge J. concurs
Penzato, J. concurs

Louisiana Revised Statute 9:4801 states, in pertinent part: "The following persons have a privilege on an immovable to secure the following obligations of the owner arising out of a work on the immovable: (1) Contractors, for the price of their work. (2) Laborers or employees of the owner, for the price of work performed at the site of the immovable."

Louisiana Revised Statute 9:4855 states in pertinent part:
In the event any liens are perfected under the provisions of this Part against any immovable property for work or improvements covered under the provisions of this Subpart and the contractor has failed to comply with the provisions of this Subpart, or, if having technically complied with this Subpart, has willfully, knowingly, and unlawfully falsified any statements or fraudulently obtained the signature of the owner or his agent, such owner shall have a civil cause of action therefor, and shall be entitled to reasonable damages and attorney fees.